506 F.2d 706
 87 L.R.R.M. (BNA) 2705, 75 Lab.Cas. P 10,426
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LERNER STORES CORPORATION, Respondent, and Retail Clerks
Union, Local 870, Retail Clerk International
Association, AFL-CIO, Intervenor.
 No. 73-3097.
 United States Court of Appeals, Ninth Circuit.
 Oct. 31, 1974.
 
 Joseph Oertel, Atty., NLRB (argued), Washington, D.C., for petitioner.
 Robert M. Lieber, Littler, Mendelson & Fastiff, San Francisco, Cal. (argued), for respondent.
 
 
 1
 Barry S. Jellison, Davis, Cowell & Bowe (argued), San Francisco, Cal., for intervenor-charging party.
 
 
 2
 Before HAMLEY and DUNIWAY, Circuit Judges, and NEILL,[1] District judge.
 
 OPINION
 
 3
 NEILL, District Judge.
 
 
 4
 The National Labor Relations Board (hereafter, 'the Board') under 29 U.S.C. 160(e) applies to this Court for enforcement of its order requiring Lerner Stores Corporation (hereafter 'the Company') to bargain with Local 870 of the Retail Clerks International Association, AFL-CIO, (hereafter, 'the Union'). We enforce the Board's order.
 
 
 5
 The Board's determination that the Hayward store of Company is an appropriate bargaining unit is the sole issue on this appeal.
 
 
 6
 The Company operates approximately 400 stores nationwide in six divisions. The Los Angeles division includes five districts, including the district encompassing the San Francisco Bay Area. The Bay Area district contains ten stores: the Hayward store, four stores in San Jose, and single stores in Millbrae, Palo Alto, Daly City, Eureka and Las Vegas, Nevada. A unionized store in San Francisco is in a separate administrative district.
 
 
 7
 In 1972, the Union filed a representation petition with the Board requesting exclusive bargaining rights for employees at the Company's Hayward store. The Company contended that the only appropriate unit would include seven of its Bay Area stores (i.e., all except Daly City and San Francisco which now constitute a two-store bargaining unit.) The Regional Director found the Hayward store constituted an appropriate bargaining unit. An uncontested representation election was held and the Hayward store was certified as a bargaining unit. Thereafter, and to date, the Company has refused to bargain on the grounds the unit selection was improper.
 
 
 8
 This court's factual review of an appropriate bargaining unit is limited to determining whether the Board's conclusions are supported by substantial evidence on the record considered as a whole. 29 U.S.C. 160(e); See Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951). This limited scope of review is appropriate because the court 'must recognize the Board's special function of applying the general provisions of the Act to the complexities of industrial life'. National Labor Relations Board v. Erie Resistor Corporation, 373 U.S. 221, 236, 83 S.Ct. 1139, 1150, 10 L.Ed.2d 308 (1963).
 
 
 9
 The Board is vested with wide discretion in determining bargaining units and it is not the province of the courts to displace the Board's choice of a unit from among two or more appropriate units, even though the court might have made a different choice were the case here de novo. Universal Camera Corporation v. National Labor Relations Board, supra. State Farm Mutual Automobile Insurance Company v. National Labor Relations Board, 411 F.2d 356 (7th Cir. 1969), en banc, cert. denied, 396 U.S. 832, 90 S.Ct. 87, 24 L.Ed.2d 83. Furthermore, in cases involving chain stores, as here, there is a presumption that a single store is an appropriate bargaining unit. See Gallenkamp Stores Co. v. National Labor Relations Board, 402 F.2d 525, 532 (9th Cir. 1968).
 
 
 10
 This single store presumption may be overcome by evidence establishing that the requested unit lacks 'meaningful identity as a self-contained economic unit'; or that the 'day-to-day' supervision of unit employees is 'done solely by central office officials'; or that such unit is contrary to an established practice of bargaining in a different grouping; or the stores are geographically proximate or the extent of the union organization was the controlling factor in violation of 9(c)(5) of the Act. The Board's unit determination as to each of these factors was supported by substantial evidence.
 
 
 11
 First, we agree with the Board's finding that the Hayward store constituted an identifiable unit. The interchange of approximately 10% Of the Hayward store employees which occurred during the five years 1968-1972 constitutes what the Regional Director termed '. . . a relative lack of interchange between stores'. The 10% Interchange is significantly less compelling than the over 100% Exchange during a two-year period which was held destructive of the single store unit in National Labor Relations Board v. Purity Food Stores, Inc., 376 F.2d 497 (1st Cir. 1967). (One supermarket in a seven-market chain with 107 employees transferred 118 of them in and out during a two-year period).
 
 
 12
 Second, the Hayward store is a sufficiently autonomous unit even though its major labor relations decisions are not made locally, but in the New York or Los Angeles offices. We agree with recent cases which have not prohibited single units within chains where labor relations policies are nationally defined. E.g., See Michigan Hospital Service Corp. v. National Labor Relations Board, 472 F.2d 293 (6th Cir. 1972) and Banco Credito y Ahorro Ponceno v. National Labor Relations Board, 390 F.2d 110 (1st Cir. 1968), cert. denied, 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102. These cases have emphasized that tying a bargaining unit to the Company's administrative structure may be unduly prejudicial to the right of self-organization guaranteed by the Act.
 
 
 13
 Thirdly, we agree with the Regional Director that there is no history of bargaining in the Bay Area on a district wide or broader basis. No Union is presently seeking to represent the Company's store employees on a broader basis. Furthermore, the Company fails to specify how the Hayward unit determination would be detrimental to its operations.
 
 
 14
 Fourth, the Hayward store is the Company's only East Bay store. It was not unreasonable for the Regional Director to find that geography did not compel a multi-store unit.
 
 
 15
 Finally, because there was substantial evidence in the record for the Regional Director's Unit determination, we reject the Company's contention that the Board violated 9(c)(5) of the Act which provides 'In determining whether a unit is appropriate . . . the extent to which the employees have organized shall not be controlling'. This section '(is) not intended to prohibit the Board from considering the extent of the organization as one factor, though not the controlling factor, in its unit determination'. National Labor Relations Board v. Metropolitan Life Insurance Co., 380 U.S. 438, 441-442, 85 S.Ct. 1061, 1063, 13 L.Ed.2d 951 (1965). Here, as there was sufficient other basis for the Board's decision, it is clear that the extent of the organization was not controlling.
 
 
 16
 For these reasons the application for enforcement of the Board's order is granted.
 
 
 
 [1]
 Honorable Marshall A. Neill, United States District Judge, Eastern District of Washington, sitting by designation